GEORGE WOODWARD *vs*. JOHN W. PERRY.

Cumberland.    Announced at July Law Term, 1892, Western District.    Opinion May 20, 1893.

*Limitations.    Administrators.    Alabama Claim.    R. S., c. 87, § § 12, 13.*

An action against an administrator brought after the two years limitation in R. S., c. 87, § § 12 and 13, is barred.

The defendant collected, in his capacity as administrator, a judgment of the court of commissioners of Alabama claims for war premiums alleged to have been paid by the plaintiff through the defendant's intestate. *Held*, that the defendant was liable to the plaintiff in his representative capacity only; that the statute of limitations, in favor of administrators, will not be avoided by omitting to describe the defendant as administrator in a suit by the plaintiff; and that the time for commencing a suit would not be enlarged by a distribution of the funds by the administrator, after notice of the plaintiff's claim.

ON REPORT.

This was an action for money had and received. The writ is dated September 11, 1888. Plea was the general issue with brief statement that the action was barred by the provisions of R. S., c. 87, § 12 ; and c. 81, § 82.

It was admitted that the defendant, as administrator of Joseph C. Givin's estate, obtained judgment in the court of commissioners of Alabama claims, April 23, 1885, for war premiums on a claim of the second class ; which premiums had been paid for insurance on seven sixty-fourths of the ship Marcia Greenleaf, which was the share that said Givin was claimed to have owned ; and that on September 9, 1886, defendant received the net avails of said judgment, amounting in the whole to $457.00, in a check payable to him as such administrator.

It was also admitted that the defendant gave due notice of his appointment, as such administrator, on the first Tuesday of April, 1882, and had duly proved the fact in the probate court; and that before this action was commenced and before he received the avails of his judgment obtained in the court of commissioners of Alabama claims, the defendant filed an inventory and settled one account only in the probate court without charging himself in either the inventory or account with the claim on which said judgment was obtained, or any part thereof.

The facts relating to plaintiff's ownership in the vessel and payment of the war premiums for insurance are omitted as immaterial, the view taken by the court rendering a report of them unnecessary.

*Weston Thompson*, for plaintiff.

No bar by limitation. Perry sued in his private capacity, and not as administrator, for plaintiff's money received by defendant within six years. Plaintiff had no cause of action until defendant had received the money. There was no legal claim against the government. *Manning* v. *Sprague*, 148 Mass. 18. Perry distributed the money before plaintiff's right to sue him as administrator under R. S., c. 87, § 13, had expired. By that distribution without any probate order, Perry parted with all defenses which he might otherwise have had as administrator, and, if not so before, he came personally liable for the money misappropriated. *Thurston* v. *Doane*, 47 Maine, 79, says the fund collected by defendant from the government could not be regarded as "new assets" to extend the time for suing the administrator, because (as plaintiff had known), defendant had charged himself with the claim in the probate court as administrator.

If *Manning* v. *Sprague*, is to stand, this is a very questionable doctrine, especially when it is to be applied to deprive a man of what is confessedly his own. If the administrator does not obtain judgment within the time first allowed for suing him, there may be serious legal difficulty in the way of the decedent's co-owner, in obtaining his part of the sum recovered. By this theory, while the right of suing the administrator subsists as to

the limitation, it may not exist on the merits; the claim may be barred before it is born. During the time allowed for suing him the administrator has neither the fund nor the legal right nor ability to obtain it. *Newell* v. *West*, 149 Mass. 520. That plaintiff himself should have applied to the commissioner's court, it may be replied:

1. The administrator may be in possession of all the evidence.

2. Parties should not be put to the expense of needless proceedings.

3. Government does not undertake to settle questions between rival claimants, and should not be vexed by them. The federal tribunal leaves the state court to control the division of the fund; and if the administrator's petition should be filed first, would be likely to dismiss another by one who could find his remedy afterwards in the state court.

Counsel also cited: *Call* v. *Houdlette*, 70 Maine, 308; S. C. 73 Maine, 293; *Sewall* v. *Patch*, 132 Mass. 326; *Gould* v. *Emerson*, 99 Mass. 154.

*George D. Parks*, for defendant.

WALTON, J. This is an action to recover from the defendant a portion of the money paid to him on a judgment which he recovered as administrator on the estate of Joseph Givin, in the court of commissioners of Alabama claims. The money was received more than two years before the commencement of the suit; and the only question we find it necessary to consider is whether the action was seasonably commenced. We think it was not.

If the defendant was ever liable to the plaintiff for any portion of the money so received, it was in his representative and not in his private capacity; and the action not having been commenced within the two years limitation mentioned in section 12, chapter 87, of the Revised Statutes, nor within the two years limitation mentioned in section 13 of the same chapter, we think the right to maintain it must be regarded as barred by the lapse of time.

We do not think this result can be avoided by the fact, if it

be a fact, that the defendant distributed the fund among the heirs of the estate after notice of the plaintiff's claim; nor by the fact that the defendant is not described as an administrator in the plaintiff's writ. In distributing the fund, after notice of the plaintiff's claim, the defendant would do so at his peril. The plaintiff's claim, if seasonably sued, would not be thereby affected. But we can perceive no reason, nor do we know of any authority, for holding that the time for the commencement of the suit would be thereby enlarged.

Nor do we think the plaintiff could avoid the statute of limitations in favor of administrators by omitting to describe the defendant as an administrator in his writ. Such an omission might, perhaps, by creating a variance between the cause of action, as stated in the writ, and the cause of action established by the proof, be regarded as furnishing an independent ground of defense, unless cured by an amendment; but surely, it could not enlarge the time for the commencement of the suit.

*Judgment for defendant.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.